**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff,**

v.

**UNITED STATES STEEL CORPORA-TION, Defendant.**

**Misc. No. 82–0001–BL.**

United States District Court,
S. D. West Virginia,
Bluefield Division.

March 2, 1982.

---

Marye L. Wright, Asst. U. S. Atty., Charleston, W. Va., Juan J. Laureda, Ida Chen, Spencer H. Lewis, Jr., Philadelphia, Pa., for plaintiff.

S. G. Clark, Pittsburgh, Pa., Mario Palumbo, Love, Wise Robinson & Woodrow, Charleston, W. Va., for defendant.

## ORDER ENFORCING SUBPOENA

KIDD, District Judge.

The Equal Employment Opportunity Commission (EEOC) filed this subpoena enforcement action on January 14, 1982. Jurisdiction of the Court is predicated upon 42 U.S.C. §§ 2000e–5(f) and 2000e–9. The parties have thoroughly briefed all matters in issue and the case has been submitted to the Court for decision.

On July 29, 1981, EEOC issued and served upon United States Steel Corporation (USS) a subpoena *duces tecum* requiring USS to produce evidence needed as part of EEOC's investigation of a charge of unlawful employment practices which had been filed against USS. On August 13, 1981, USS filed a petition to revoke the subpoena. EEOC denied the petition to revoke on September 11, 1981. USS has failed to comply with the subpoena.

The EEOC investigation in this matter stems from a charge filed with EEOC by Jerry R. Profitt, a former USS employee. Profitt alleges he was discharged because of his religion on June 3, 1980. There is some dispute as to when the charge was actually filed—USS claims the charge was filed on April 6, 1981 and EEOC claims the charge was filed with the Commission via telegram on March 27, 1981. This dispute forms the basis of USS's resistance to the subpoena.

USS argues that Profitt's charge is fatally defective because it was not filed within the statutory time limits; further, because of the late filing EEOC lacks fundamental jurisdiction in this case and therefore the subpoena should not be enforced. EEOC counters by arguing that the charge was timely filed and that the statute of limitations issue is not properly raised in a subpoena enforcement proceeding. Because the Court agrees with EEOC's latter argument, it becomes unnecessary to resolve the dispute as to the exact filing date of the charge.

In general, a court may enforce subpoenas of administrative agencies where the agency shows that the investigation is pursuant and relevant to a legitimate pur-

pose, that the information sought is not already within the agency's possession and that the subpoena adequately describes the information sought. *See, e.g., U. S. v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). USS has the burden of raising a substantial question that judicial enforcement of the summons would abuse the Court's process before the agency need show the relevancy and lawful purpose of the investigation. *U. S. v. Powell, supra; U. S. v. Newman,* 441 F.2d 165 (5th Cir. 1971).

In the present case EEOC is clearly empowered to conduct investigations to ascertain if employers are in violation of 42 U.S.C. §§ 2000e–2 and 2000e–3. In conducting such an investigation EEOC is entitled to access to evidence and is authorized to issue subpoenas in order to obtain such evidence. 42 U.S.C. § 2000e–8(a), 29 U.S.C. § 161.

■ If EEOC's powers of investigation were to be limited to cases in which the agency could establish factually that a law had been violated, then EEOC most likely would not find useful its investigatory powers. The law does not require that EEOC factually demonstrate that it has a case impervious to assault by means of a motion to dismiss on a statute of limitations basis before an agency subpoena will be enforced. There is a factual dispute here as to the date of the filing of the charge. If, after EEOC completes its investigation, a decision is made to file a court action in Mr. Profitt's behalf, the matter may then be properly raised. It is not properly raised at this early investigative stage. The investigation here is clearly within EEOC's authority and the information sought by subpoena is reasonably relevant to that investigation.

Accordingly, the Court hereby ORDERS that USS comply with the subpoena as previously issued and, there being nothing further in this action, that this matter be dismissed and stricken from the docket of the Court.